THOMAS KERGIN, appellant, v. ROBERT ·DAWSON, appellee.

*Appeal from Brown.*

Under the 15th and 16th sections of the "*Act concerning Attachments,*" when the garnishee has made a full and explicit answer to the interrogatories, and it fails to show, either that he is indebted to the defendant in the attachment, or that he has any of his property in possession, the presumption arises that the answer is true, and the burden of disproving it is thrown on the plaintiff. He is bound to satisfy the jury by competent testimony, that the material allegations of the answer are untrue, or the garnishee is entitled to be discharged.

The answer of the garnishee is not to have the same effect as the answer of a defendant to a bill in chancery, requiring the testimony of two witnesses, or what may be equivalent, to overthrow it, but we are disposed to consider it as presenting a *prima facie* defence, liable to be rebutted by preponderating testimony.

Where the answer of a garnishee showed that certain property of the defendant in attachment had been placed in his hands to indemnify him for becoming the security of such defendant, it was *held* to be, in law, a pledge of the property, and gave the garnishee a right to retain it until his liability as security was extinguished. If he pays the debt, for which he became security, his right to keep the property continues until he is re-imbursed in the amount paid, as he acquires a qualified property, of which he cannot be divested until the pledge is redeemed.

THIS cause was heard before the Hon. Jesse B. Thomas and a jury, in the Brown Circuit Court, at the September term 1844. The appellant was there summoned by the appellee as the garnishee of one William Buchanan, defendant in the attachment suit in the Court below. His answer was duly filed in the cause, to which objections were made by the plaintiff in the attachment, a jury was called, and a verdict rendered for the plaintiff, sustaining his objections. The garnishee entered a motion for a new trial, which was overruled, and judgment entered on the verdict. The proceedings appear in the Opinion of the Court.

*A. Williams,* and *J. W. Singleton,* for the appellant.

*J. S. Bailey,* for the appellee.

The Ópinion of the Court was delivered by

TREAT, J.*    Robert Dawson commenced a suit by attachment against William Buchanan, and recovered a judgment therein for $207·67.    Thomas Kergin was summoned as a garnishee in said cause, on the 22d day of May, 1843.    The plaintiff propounded the following interrogatory to Kergin: "Had you or not, on the 22d day of May 1843, in your possession, the wood work of two waggons, one set of blacksmiths' tools, and one stand, the property of the defendant; and if so, what was the value of such property?"

Kergin filed the following answer to the interrogatory.    "I had part of the wood work of two waggons, one set of blacksmiths' tools, and one stand in my possession, on the 22d day of May, 1843.    The waggon works were left in my hands by William Buchanan, the defendant, about the fore part of April, 1843.    The blacksmiths' tools and stand were placed in my hands subsequently.    All of said property was left with me before the service of the garnishee upon this defendant, by said Buchanan, for the purpose of securing this affiant as security to an appeal bond, in a case of appeal from the decision of a justice of the peace to the Circuit Court of Pike county, taken by said Buchanan, for whom said affiant became security to an appeal at his request.    This affiant further states, that by virtue of said bond he became liable to pay the amount of the judgment that would be rendered against said Buchanan, upon the trial or dismissal of the said appeal by the Circuit Court.    Affiant further states, that at the September term of said Court, a judgment was rendered by said Court against the said Buchanan in the case of Daniel H. Good v. William Buchanan, in which case this respondent was security as aforesaid; by which judgment, this affiant became liable to pay and satisfy the amount of the judgment, which said judgment amounted to about the sum of sixty five dollars. Said affiant further states, that the said Buchanan has since fled from the State of Illinois, and, as this respondent be-

---

* WILSON, C. J. did not hear the argument in this cause, and gave no opinion.

lieves, has not sufficient property to satisfy said judgment; and this affiant, having been sued on said appeal bond, paid the amount of the said judgment to the plaintiff in said case. The value of the waggon works, blacksmiths' tools and stand, do not, in the opinion of this affiant, exceed the sum of sixty five dollars. The exact value I do not know."

To this answer the plaintiff filed two objections.

*First.* Because the answer is evasive, and does not show sufficient cause to bar the plaintiff from taking judgment.

*Second.* Because " he says it is not true as it is alleged in said answer, that the said property was placed in the said Kergin's hands by said Buchanan; and he further says, that the value of said property is more than sixty five dollars, of all which the plaintiff puts himself on the country."

A jury was sworn to try the objections to the answer, who rendered the following verdict:—"We the jury find the objections to the answer to be true, to wit; that said Kergin did not receive from said Buchanan the said tools mentioned in the defendant's answer, in manner and form as alleged in said answer, and find the value of the tools to be thirty five dollars."

On the trial before the jury, the plaintiff called a witness, who testified, that he was at Buchanan's house and saw Kergin take away the set of blacksmiths' tools; Buchanan was not present at the time; witness heard, by common report, that Buchanan was confined in jail at Quincy; that, in opinion of witness, the tools were worth thirty five dollars. This was all the evidence given to the jury. Kergin moved the Court to set aside the verdict, and grant a new trial, but the Court denied the motion, and rendered a judgment on the verdict.

Kergin prosecutes an appeal, and assigns for error, the decision of the Court, in refusing to grant him a new trial.

It does not appear from the record, that any action was had by the Court on the first exception to the answer. As the jury was sworn to try the questions of fact raised by the second objection to the answer, it is but fair to presume, that the first exception was either abandoned by the plaintiff, or disallowed by the Court. This brings us to the question whether

the plaintiff, on the evidence before the jury, was entitled to a verdict. By the 15th section of the Attachment Act, (R. L. 89; Gale's Stat. 68,) the garnishee is required to make full, direct and true answers to all interrogatories exhibited against him by the plaintiff; and the 16th section provides, that whenever the plaintiff shall allege that the garnishee has not made true discovery to the interrogatories, the Court shall direct, without the formality of pleading, a jury to be impannelled to inquire what is the true amount due from such garnishee to the defendant, and what goods and chattels belonging to the defendant are in his possession.

Under these provisions of the Act, when the garnishee has made a full and explicit answer to the interrogatories, and it fails to show, either that he is indebted to the defendant in the attachment, or that he has any of his property in his possession, the presumption arises that the answer is true, and the burden of disproving it is thrown on the plaintiff. He s bound to satisfy the jury by competent testimony, that the material allegations of the answer are untrue, or the garnishee is entitled to be discharged. In our opinion, the answer of the garnishee is not to have the same effect as the answer of a defendant to a bill in chancery, requiring the testimony of two witnesses, or what may be equivalent to overthrow it; but we are disposed to consider it as presenting a *prima facie* defence, liable to be rebutted by preponderating testimony.

In the present case, the garnishee discloses by his answer a state of facts, which, if true, do not authorize the plaintiff to subject the property in the possession of Kergin to the payment of the judgment, without first discharging his claim upon it. The answer shows, that the property was placed in his hands to indemnify him for becoming the security of Buchanan. This was, in law, a pledge of the property, and gave Kergin the right to retain it, until his liability as security was extinguished. After the payment of the debt by him, his right to keep the property continued until he should be re-imbursed in the amount paid. He acquired a qualified

property in the goods which could not be divested, until the pledge should be redeemed.

Was this state of the case contradicted by the proof introduced by the plaintiff? We think not. The proof simply shows that Kergin took away a portion of the goods at a time when Buchanan was absent. This does not conflict, substantially, with any statement of the answer. It does not follow that the property was taken, without the assent of Buchanan. It is perfectly consistent with the whole statement of the witness, that the authority of Buchanan had been previously obtained. It appears, from the answer, that the waggon works were received by Kergin previously, and it is very probable that the arrangement was then entered into by the parties, which authorized the subsequent taking of the other property.

We think, therefore, that the Circuit Court erred in refusing Kergin a new trial, and its judgment is reversed, with costs, and the cause remanded for further proceedings.

YOUNG, J. said: In cases like this, an issue is made up between the plaintiff and garnishee, without the formality of pleading, and a jury is impannelled, "to inquire what is the true amount due from the garnishee to the defendant, and *what goods and chattels are in his possession, belonging to the defendant.*" The jury found, that the garnishee had in his possession, a number of blacksmiths' tools, belonging to the defendant, amounting in value to thirty five dollars.

No more verity should be attached to the answer of the garnishee, than to make a *prima facie* case against the demand of the plaintiff, liable to be rebutted by such proof and circumstances as would be necessary to satisfy the jury in any other case. The credibility of the garnishee, and of the plaintiff's witness, was a matter proper for the consideration of the jury, and Courts should never interfere to limit that discretion, whenever their verdict can be supported by legal and proper inferences. In this case, the jury have drawn a reasonable inference, arising out of the answer of the garnishee, the testimony of the plaintiff's witness, and the circum-

Kergin *v.* Dawson.

stances under which the blacksmiths' tools were taken from the shop of the defendant, after his imprisonment in the jail at Quincy.

I am unwilling, therefore, to disturb the verdict of the jury, which, I think, is in accordance with the proper mode of proceeding, under our statute, and was warranted by the facts and circumstances, as exhibited in evidence by the parties in controversy.

CATON, J. said: I agree with the Court, as I understand the Opinion, that the answer of the garnishee is not to be treated as evidence before the jury, but that its office is that of pleading, and like a plea of *non est factum*, sworn to under our statute, it throws the burden of proof on the other party, who may contradict it as well by circumstances as by positive proof. The inferences which we might draw from the evidence should give way to those drawn by the jury, and that, therefore, we should not disturb this verdict, which is not inconsistent with the evidence. I should come to a different conclusion, were the answer of the garnishee to be considered as evidence equivalent to the testimony of one witness.

*Judgment reversed.*